FILED
FEB - 3 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLEN WOLFSON, :
:
Plaintiff, :
v. : Civil Action No. 09 0194
:
SECURITIES AND EXCHANGE :
COMMISSION, *et al.*, :
:
Defendants. :

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss the complaint.

In 2003, the Securities and Exchange Commission brought a civil fraud action against plaintiff's son, David Wolfson, and others, who were charged "with violating the federal securities laws by fraudulently raising funds from investors." *Sec. & Exch. Comm'n v. Wolfson*, No. 2:03CV914 TS, 2008 WL 893002, at *1 (D. Utah Mar. 28, 2008), *aff'd sub nom. In re Sec. & Exch. Comm'n*, No. 08-4073, 2008 WL 4566384 (10th Cir. Oct. 08, 2008), *petition for cert. filed*, (U.S. Nov. 28, 2008) (No. 08-7583). "A receiver was appointed and given broad powers to preserve, take control of, and liquidate the defendants' property for the benefit of the defrauded investors." *Id.* Plaintiff was not a party to this SEC action. Compl. at 3. David Wolfson "agreed to settle with the SEC," and "[p]art of the settlement agreement was that David Wolfson would disgorge all of his interest in the assets listed in the settlement agreement." *Id.* According to plaintiff, assets belonging to him, not to David Wolfson, were among the assets over which the

receiver took control. Compl. at 3. Rather, plaintiff purported only to grant his son power of attorney "in order to manage plaintiff's assets while he was in prison in New York." *Id.*

Plaintiff alleges that defendants violated his "Fifth Amendment Right To Due Process as guaranteed by the Constitution of the United States of America," presumably by depriving him of property without compensation. Compl. at 3.1. He demands compensation "of 160 million dollars or as much as one billion dollars or the return of all his properties . . . plus court costs, legal fees and punitive damages." *Id.* at 4.

The Court will dismiss the complaint with prejudice because it fails to state a claim upon which relief can be granted. Plaintiff's success turns on his ability to prove that he owned assets included in the receivership. However, "[t]he district judge in the underlying SEC enforcement action, after analyzing Plaintiff's claim and reviewing the evidence in the record, determined that the assets at issue were properly included in the receivership because they were assets under the control and ownership of David Wolfson," who in turn used those assets "as a conduit for money stolen from investors." *Wolfson v. United States*, Nos. []2:06-CV-421, 2:06-CV-422, 2:06-CV-435, 2:06-CV-966, 2:06-CV-994, 2:07-CV-219, 2008 WL 4919262, at *2 (D. Utah Nov. 17, 2008) (citations omitted). Plaintiff's "allegations concerning the purported improper seizure and sale of the Assets in the SEC Action do not plausibly support legal claims for relief." *Id.* (citations and internal punctuation omitted).

The issue of plaintiff's ownership of the assets included in the receivership has been resolved, and the doctrine of collateral estoppel (issue preclusion) bars relitigation of the issue in this court. *See Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970); *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 1078 (1993).

An Order consistent with this Memorandum is issued separately on this same date.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: Jan. 27, 2009